■ BERNICE REICHBACH, Respondent, v. SAMUEL D. REICHBACH et al., Appellants.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of Special Term properly made? Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See *ante*, p. 725.]

■ LILLIAN DAMSEY, Appellant, v. LESTER DAMSEY, Respondent.— Appeal from so much of a judgment granting appellant a separation as allows only $70 a week alimony and only $50 additional counsel fee. Judgment, insofar as appealed from, unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ DISPENSERS INC., Appellant, v. SIDNEY RESNICK et al., Defendants, and FRANK I. TASHKER, Respondent.— In an action by a judgment creditor against the officers and certain unsecured creditors of a corporation, based on an alleged transfer of the assets of the corporation in violation of the provisions of section 15 of the Stock Corporation Law, the appeal is from (1) so much of an order, on reargument, dated December 5, 1956, as dismissed the complaint against respondent on the ground that it does not state facts sufficient to constitute a cause of action, and as vacated a notice to examine respondent before trial; and (2) an order dated December 21, 1956 denying a motion for leave to serve an amended complaint. Order dated December 5, 1956, insofar as appealed from, reversed, with $10 costs and disbursements, motion to dismiss the complaint denied, and motion to vacate the notice of examination before trial remitted to the Special Term for determination on the merits. It is our view that the complaint sufficiently alleges that respondent received moneys of the corporation in payment of an unsecured claim, with knowledge of the corporation's insolvency and with an intent to gain a preference. If such circumstances are proved, he may be liable to appellant under section 15 of the Stock Corporation Law. Appeal from order dated December 21, 1956 dismissed, without costs, as academic. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ VERA FLEISCHMANN et al., Respondents, v. 311 EVERGREEN AVENUE CORPORATION, Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from a judgment entered on a jury verdict in favor of respondents. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.